**SO ORDERED.**

**SIGNED this 03 day of July, 2007.**



_____
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> **ROBERT ARTHUR MORGAN and ROBERTA ALLENE MORGAN,** <br><br> DEBTORS. | CASE NO. 05-17536 <br> CHAPTER 7 |
| **J. MICHAEL MORRIS, Trustee,** <br><br> PLAINTIFF, <br><br> v. <br><br> **AMERIQUEST MORTGAGE COMPANY; ROBERT A. MORGAN; and ROBERTA A. MORGAN,** <br><br> DEFENDANTS. | ADV. NO. 06-5200 |

**MEMORANDUM AND ORDER ON DEBTORS' REQUEST FOR ASSESSMENT OF ATTORNEYS FEES INCURRED IN FILING OBJECTION TO TRUSTEE'S MOTION FOR DEFAULT JUDGMENT WHICH SOUGHT ASSESSMENT OF COSTS**

The matter before the Court is Debtors' request for assessment against the Trustee of attorneys fees incurred in filing an objection to the Trustee's motion for default judgment against Debtors because it prayed for the assessment of costs. After hearing the arguments of counsel, the Court took the matter under advisement and is now ready to rule. The Chapter 7 Trustee, J. Michael Morris (hereafter "Trustee"), appears by Sarah L. Newel of Klenda Mitchell, Austerman & Zuercher, L.L.C. Debtors, Robert A. Morgan and Roberta A. Morgan (hereafter "Debtors"), appear by Don W. Riley. There are no other appearances. The Court has jurisdiction.[1]

This is an adversary action by the Chapter 7 Trustee to avoid and preserve an allegedly unperfected security interest in Debtors' manufactured home located on their homestead property. Defendants are the Debtors and Ameriquest Mortgage Company (hereafter "Ameriquest"). The Complaint alleges that prepetition Debtors entered into a note and mortgage with Ameriquest, that the manufactured home is located on the land mortgaged to Ameriquest, but the lien on the manufactured home was not perfected on the date of filing. The prayer asks that the Court order the lien on the home avoided and preserved for the benefit of the estate, determine rights in the real estate, and assess costs of $250. Ameriquest responded to the Complaint and defended the complaint. An agreed order providing for Ameriquest to make payment to the Trustee has been entered.[2]

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A complaint to avoid and preserve a lien is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(K). There is no objection to venue or jurisdiction over the parties.

[2] Doc. 37.

Debtors, on the other hand, did not answer or otherwise defend the action. The Court denied the Trustee's motion that Debtors make payments on the note to the estate pending resolution of the adversary and directed Debtors to pay all post-petition payments due under the note to Ameriquest for application to the loan.[3] The Trustee filed a Motion for Default Judgment against Robert A. Morgan and Roberta A. Morgan (hereafter "Motion").[4] The Motion requested judgment against Debtors regarding the lien and costs of $250, the amount of the filing fee for an adversary complaint. Debtors objected to the assessment of costs.[5] At argument on the objection, the Trustee announced that the motion for default was withdrawn because of the settlement with Ameriquest. Debtors' counsel did not withdraw his request for an award of attorneys fees for the costs incurred by the Debtors in opposing the Trustee's Motion. As to the prayer for costs, the Trustee stated that his office routinely includes costs in judgments, but in cases such as this, if an award of costs had been entered, he would not undertake enforcement. Debtors' counsel responded that in this case, which was primarily against Ameriquest, costs should be paid by Ameriquest, not the Debtors. He further asserted that the Trustee's intent not to enforce a judgment for costs is an insufficient remedy for the Debtors, as an unsatisfied judgment would remain of record.

The Federal Rule of Bankruptcy Procedure 7054(d), applicable in adversary proceedings, provides for assessment of costs as follows:

> (1) Costs Other than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or

---

[3] Doc. 14.

[4] Doc. 25.

[5] Doc. 27.

> in these rules, costs other than attorney fees shall be allowed as of
> course to the prevailing party unless the court otherwise directs;
> but costs against the United States, its officers, and agencies shall
> be imposed only to the extent permitted by law.

The phrase "unless the court otherwise directs" makes the award discretionary.[6] "[T]he federal courts are free to pursue a case-by-case approach and to make their decisions on the basis of the circumstances and equities of each case."[7]

In this case, the Court finds it would have been inappropriate to assess costs against the Debtors. Debtors were only nominal defendants in a dispute between Ameriquest and the Trustee. When the Chapter 7 Trustee is a plaintiff in an adversary proceeding, the filing fee is deferred and is "payable only from the estate and to the extent there is any estate realized."[8] In this case, the Debtors, who were not in default on the note, were ordered to continue to pay Ameriquest, and Ameriquest agreed to make a substantial payment to the Trustee. This settlement, not the Debtors, is a proper source for the payment of the filing fee. The assessment of a fee against Debtors would in effect be requiring the Debtors to contribute an additional $250 to the estate.

Therefore, if the motion for default had not been withdrawn, the Court would have sustained Debtors' objection to the Trustee's Motion to the extent it sought a judgment for $250 in costs. Under the circumstances of this case, Debtors should not have liability for costs, and

---

[6] 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2665 (3rd ed. 1998) (construing F.R. Civ. P. 54(d), after which Fed. R. Bankr. P. 7054(d) is patterned).

[7] *Id.*, at § 2668.

[8] Appendix to U.S.C. § 1930, Judicial Conference Schedule of Fees, Bankruptcy Court Miscellaneous Fee Schedule (6) (eff. Oct. 17, 2005). If the debtor is the plaintiff, no filing fee is required. *Id.*

4

the entry of a judgment including costs, even if not intended to be enforced, would be prejudicial to the interests of Debtors.

As to Debtors' oral request for attorney fees for opposing the Motion, the Court rules fees will not be awarded. The Trustee, as the prevailing party in the lien avoidance action, had a basis for the inclusion of the costs in a default judgment, and this Court had not previously considered the equities of such an assessment. By this opinion, Chapter 7 Trustees are advised of the Court's position on the issue and will be expected to refrain from preparing judgments which include the assessment of costs against debtors in similar circumstances. If this expectation is not followed, the Court will likely look with favor upon an award of fees in favor of a debtor who must apply to the Court to have such an assessment set aside.

**IT IS SO ORDERED.**

###